UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO, III

v. C.A. Nos. 5-372T & 5-340T

UNITED STATES

MOTION TO VACATE TRANSFER ORDERS

Pursuant to Rule 59(e) and Rule 60(b)(1), Petitioner moves that the orders entered Sept. 1, 2005, by the Chief Judge, transferring the above cases to the Circuit, be vacated for the reason that § 2244(b)(3)(A) of Title 28 is inapplicable. In support thereof, Petitioner relies on his attached memorandum of law.

Petitioner, pro se,
[signature]
Arthur D'Amario 02989-070
U.S. Medical Center
PO Box 4000
Springfield, MO 65801-4000

CERTIFICATION

I certify that on Sept. 7, 2005, I mailed copies of this Motion & Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.

[signature]
petitioner, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO, III

v. Nos. 5-372T & 5-340T

UNITED STATES

MEMORANDUM

On Sept. 1, the court continued its practice of entering judgments against Petitioner sua sponte when it presumed the above § 2255 motions to be second or successive petitions that required leave from the First Circuit. § 2244(b)(3)(A). The court erred, and Petitioner invokes Rules 59(e) and 60(b)(1) ("judicial mistake") for prompt relief.

This motion, which attacks how the judgment was entered on Sept. 1, is not a "claim" within the scope of § 2244(b), so it is properly before the district court. Gonzalez v. Crosby, 125 S.Ct. 2641 (U.S. 2005).

Both transfer orders referenced Petitioner's original § 2255 motion, C.A. No. 01-0097, which dces not make the instant motions successive. Case No. 1-0097 attacked Judge DiClerico's "18-month" life sentence imposed Mar. 10, 2000. That sentence became "final" for purposes of § 2255 when it was affirmed by the Circuit on Feb. 12, 2001 (No. 00-1466), and Petitioner had until some time in 2002 to collaterally attack it.

The instant § 2255 motions challenge the legality of revocation sentences imposed in 2003 and 2005. The 2005 term was not appealed. Appeal of the 2003 sentence was dismissed under FRAP 42(b) on July 18, 2005. Both s.r. revocation sentences became "final" in the summer of 2005, and Petitioner's statutory right to attack them accrued on or about July 18. Those sentences did not exist when C.A. No. 1-0097 was instituted in March 2001. They were neither included nor includable and, had Petitioner waited to challenge his 2000 "18-month" sentence in the above cases, he'd be time-barred.

Section 2255 can be employed to challenge probation revocation terms. Skipworth v. U.S., 508 F.2d 598 (3d Cir. 1975).

Attached is a copy of the court's § 2255 form cover sheet, which clearly explains that only one sentence can be attacked per motion and that each sentence requires a separate § 2255 motion.* In Nos. 1-0097, 5-372 and 5-340, Petitioner has challenged three separate sentences. The heart of his claims in Nos. 1-0097 and 5-372 is ineffective assistance of counsel by Ed Roy and Ken O'Donnell. The Circuit requires ineffectiveness claims to be commenced in § 2255 motions filed in district court, U.S. v. Vega Molina, 407 F.3d 511, 530 (1st Cir. 2005), so it may later review a "fact specific" record.

In No. 5-340, Petitioner seeks to have one day added to his present 365-day term to qualify for § 3624(b) good-time credit. If the motion was granted, his ccc date would advance to about Jan. 6, 2006. BOP would have to begin processing him for ccc no later than November 2005. The delay that an erroneous and needless referral to the Circuit would cause, likely to be up to a year, would extinguish the remedy and render the motion moot.

Judge Smith entered a sua sponte dismissal order in a § 2241 proceeding, C.A. No. 4-456S, stating that Petitioner was no longer "in custody" because he was on supervised release. Had notice been given, and an opportunity to object, Petitioner would have cited U.S. v. Molak, 276 F.3d 45, 48 (1st Cir. 2002) (habeas applicant maintains interest in adjudication of his sentencing challenge even after discharge to supervised release).

The court should follow procedure and notify the Circuit that it intends to grant relief under Rule 59 and/or 60(b) and assign the matters for hearing on the merits. Compare U.S. v. Holder, 410 F.3d 651, 656 (10th Cir. 2005) (§ 2255 movant entitled to evidentiary hearing on trial counsel's failure to call witness to shooting whose grand jury testimony supported self-defense).

PETITIONER, PRO SE,
[signature]
Arthur D'Amario III

*At ¶5 ("separate motions").

cc:
AUSA Adi Goldstein

RULE 1(A)(4)

AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis,* in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, **you must file separate motions as to each such judgment.**

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.