UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARTHUR D'AMARIO III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Nos. 5-340 & 5-372 |
| UNITED STATES, | ) ) ) |
| Defendant | ) ) |

**RECOMMENDED DECISION ON MOTIONS TO REOPEN**

Arthur D'Amario III, has filed two identical pleadings to reopen in the United States District Court of Rhode Island, one in each of two closed 28 U.S.C. § 2255 proceedings. The § 2255 proceedings – 1:05-cv-340 (D.R.I) and 1:05-cv-372 (D.R.I) – were transferred by order of Judge Ernest Torres on September 1, 2005, to the First Circuit Court of Appeals on the premise that D'Amario had previously filed 28 U.S.C. § 2255 motions challenging his two convictions. In both cases the First Circuit Court of Appeals concluded, in judgments issued January 26, 2006, (well in excess of four years ago), that the District Court was mistaken in the transfers because the motions were not second or successive § 2255 motions as they challenged D'Amario's September 2003 and June 2005 revocations of supervised release, not his underlying convictions.

However, in both cases the First Circuit declined D'Amario's request for a remand to the district court. With regards to the September 2003 revocation the Panel noted that D'Amario made "no contention" that he was in custody pursuant to that conviction and that such a status was not at all evident in view of the June 2005 revocation. (1:05-cv-372, Doc. No. 6 at1.) Leaving that question unresolved, the First Circuit stated:

> The § 2255 filing petitioner submitted to the district court reiterates the same repetitive, unsupported, self-serving claims that appeared in petitioner's appeal from the September 2003 conviction. Petitioner apparently believes that he can present them anew by adding the gloss that his counsel was ineffective for failing to raise these issues at the 2003 revocation proceeding. Petitioner, however, raised his claims of ineffective assistance of counsel in a motion for new trial filed within days of the 2003 revocation conviction. When that new trial motion was denied, petitioner simultaneously appealed the denial of the new trial motion and the September 2003 revocation conviction. Petitioner, thereafter voluntarily withdrew this combined appeal on July 18, 2005. See United States v. D'Amario, No. 03-2638. Petitioner may not, in the guise of a collateral challenge, reinstitute review of these claims that he previously deliberately withdrew. "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982)

(Id. at 1-2.) The Panel denied the motion to stay the conditions of supervised release, the motion to remand, and the request for § 2255 relief. (Id. at 2.)

With respect to the June 2005 revocation, the Panel noted that D'Amario had voluntarily withdrawn his appeal vis-à-vis this judgment on July 15, 2005. (1:05-cv-340, Doc. No. 6 at 1) (citing United States v. D'Amario, No. 05-1935). The First Circuit concluded:

> The § 2255 filing petitioner subsequently submitted to the district court reiterates the same claims petitioner voluntarily withdrew from direct appeal. A Defendant may not, by means of the § 2255 preceding, revive rights lost by a voluntary abandonment of his appeal. "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982)

(Id. at 1-2.) The Panel denied the motion to stay the conditions of supervised release, the motion to remand, and the request for § 2255 relief. (Id. at 2.)

In his current pleadings to reopen D'Amario insists that "[t]he hasty dismissals of these related § 2255 petitions were contrary to settled law. Even where the Court of Appeals declined relief, the district court is bound not by the Circuit, but by the Supreme Court. The Court flouted the law out of bias." (1:05-cv-340, Doc. No. 7 at 1, 1:05-cv-372, Doc. No. 7 at 1) (citation omitted).

I recommend that the Court deny both motions to reopen based on the judgments of the First Circuit Court of Appeals. These motions challenge not merely the tenant that this District Court is required to follow clear First Circuit precedent, see Eulitt v. Me. Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004); Oxley v. Penobscot County, __ F. Supp. 2d __, __, 2010 WL 2089265, 4 (D.Me. May 25, 2010); Millay ex rel. YRM v. Surry School Dept., __ F. Supp. 2d __, __, 2010 WL 1634311, 2 (D.Me. April 21, 2010), but the fact that the First Circuit judgments in these two cases is the law of each case, see United States v. Ellis, __ F.3d __, __, 2010 WL 3432800, 1 (1st Cir. Sept. 2, 2010). It is not for this court to reconsider the Panel's long-final determinations in these two proceedings.

I further note that to the extent D'Amario is seeking relief from this Court apropos the September 1, 2005, transfer order, Federal Rule of Civil Procedure 60(c) provides that a motion for relief from judgment under Rule 60(b) "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." It has been over five years since that order issued.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge

September 20, 2010.